RENEW *vs.* THE STATE OF GEORGIA.*

1. No law of this State confers jurisdiction to proceed against the father of a bastard, upon a "justice court," presided over by two justices of the peace, but the jurisdiction belongs to a temporary court consisting of one justice of the peace only.
2. Judgment upon an indictment for perjury will be arrested when the indictment shows on its face that the alleged court before which the false testimony was given had no jurisdiction of the subject-matter on trial.

April 25, 1887.

Bastards. Justices and Justice Courts. Jurisdiction. Indictment. Criminal Law. Perjury. Before Judge FORT. Schley Superior Court. March Term, 1886.

Reported in the decision.

E. A. HAWKINS; C F. CRISP; E. G. SIMMONS, for plaintiff in error.

DuPONT GUERRY, solicitor-general *pro tem.* for the State.

BLECKLEY, Chief Justice.

Renew was found guilty of perjury, and moved in arrest of judgment. Various grounds are set forth in the motion, but we shall consider only one of them.

---

*BLANDFORD, J., did not preside in this case, on account of providential cause.

1. The indictment alleges that the false oath was taken and the false testimony given in a proceeding on the charge of bastardy, in a "justice court," presided over by two named justices of the peace.   There is no allegation that either of these justices had issued any warrant, or that any warrant had been issued at all.   There is nothing on the face of the indictment to show that a case had been made which would entitle either of the justices to entertain jurisdiction of the subject-matter.   The indictment does not proceed on the theory that there was a separate jurisdiction, but a joint exercise of jurisdiction by these two justices; and we find no statute that contemplates the joint exercise of jurisdiction by two justices of the peace, upon a proceeding against the father or reputed father of a bastard child.   If it appeared that one of these magistrates had issued a warrant and acquired jurisdiction of the subject-matter, we suppose it would not vitiate the proceeding that the other assisted at the trial.   It is very likely that one justice of the peace may have the power to accept the aid and assistance of another in adjudicating any matter of which he is invested with jurisdiction; but the court is his court, and not a joint court by the two; and if either of these magistrates was in a condition to exercise a lawful jurisdiction, we cannot tell from the indictment which one it was.   If it was not a court for both, strictly speaking, we do not see that it could be held to be a court for either; because the indictment does not designate either as the one who had issued a warrant or had otherwise acquired the jurisdiction contemplated by the statute over the subject-matter.   No law of this State confers jurisdiction to proceed against the father of a bastard, upon a "justice court," presided over by two justices of the peace, but the jurisdiction belongs to a temporary court consisting of one justice of the peace only.   Code, §4762.

2. There can be no question, we think, that this defect is a fatal one.   The judgment ought to have been arrested. Judgment upon an indictment for perjury will be arrested

when the indictment shows on its face that the alleged court before which the false testimony was given, had no jurisdiction of the subject-matter on trial. The indictment alleges that the court had jurisdiction, but we cannot follow the indictment and forsake the law; we must follow the law and forsake the indictment.

Judgment reversed.