*In re* SMITH.

PERJURY—TESTIMONY TAKEN ON STIPULATION.
Perjury may be predicated upon false testimony given before the circuit judge, under oath by him administered, in a county adjoining that in which the action is pending, but in the same judicial circuit therewith, where the parties stipulated, with the consent of the judge, that the testimony should be so taken.

*Habeas corpus* by Frank B. Smith to obtain his discharge from imprisonment in the state prison at Jackson upon a conviction for perjury. Submitted June 17, 1896. Writ dismissed July 28, 1896.

The petitioner was convicted of perjury, and is now undergoing sentence in the state prison. He applies for release upon the writ of *habeas corpus*. In 1891 a suit in chancery was commenced in the circuit court for the county of Van Buren by one William Harrison against the petitioner, Frank B. Smith, and others, as defendants. Van Buren and Kalamazoo counties comprise the Ninth judicial circuit. The circuit judge, George M. Buck, resides in Kalamazoo. After the case was at issue, it was stipulated in open court by the solicitors for the respective parties, the judge consenting, that the testimony should be taken, and the case argued and submitted, before the judge at Kalamazoo. This appears to have been for the accommodation and benefit of all the parties to the suit. The testimony was taken at Kalamazoo, the case argued, and the decree duly rendered in the circuit court for the county of Van Buren. The petitioner offered himself and was sworn as a witness in that suit, and, after its termination, was prosecuted and convicted of perjury.

*R. R. Pealer* and *George E. Miller*, for petitioner.

*Fred A. Maynard*, Attorney General, *Alfred S. Frost*, Prosecuting Attorney, and *William G. Howard*, Assistant Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). The petitioner insists that the taking of testimony and the hearing of the case in the county of Kalamazoo were without the jurisdiction of the court, and that, therefore, perjury cannot be assigned. It is too clear to require argument that a valid decree was rendered in that case. All parties understood that the case was still pending in the Van Buren circuit, and stipulated that the testimony should be taken and the arguments had at the residence of the circuit judge in the adjoining county of the same circuit. It would be illogical to hold that the court had jurisdiction to render a valid decree, but that it had no jurisdiction to take the testimony upon which the decree was based. The testimony was taken in a judicial proceeding. The court had· jurisdiction of the subject-matter. The parties waived, for their own convenience, the taking of testimony at the county seat, and agreed to take it elsewhere. The waiver binds them. The consequences of false swearing were the same as if taken at the courthouse in Van Buren county, and the moral turpitude of the petitioner as great in one case as in the other. Circuit judges have the power to administer oaths. When courts have jurisdiction of the subject-matter of a suit, all irregularities may be waived, and such irregularities will afford no defense to a charge of perjury. A well-considered case is *State* v. *Stephenson*, 4 McCord, 165, where a justice of the peace administered an oath to a witness in a matter submitted to arbitration by the consent of parties. After citing several authorities, the court says:

"The authorities before cited have collected a great variety of cases calculated to mark the line of separation between that class of oaths which, with respect to the

tribunal by which they are administered, constitute the crime of perjury, and those which do not; and, without entering into a minute analysis of them, all the principle clearly deducible from them is that whenever the law confers the power of ascertaining facts, and from which any legal consequences are to follow, and in the investigation of which the examination of witnesses is necessary, it is perjury in a witness to testify falsely."

See, also, *Maynard* v. *People*, 135 Ill. 416; 2 Whart. Cr. Law, § 1272; 2 Bish. Cr. Law, § 1028; *Montgomery* v. *Town of Scott*, 32 Wis. 249; *People* v. *McCaffrey*, 75 Mich. 125.

The writ is dismissed, and the prisoner remanded.

The other Justices concurred.