# SELMA C. BRUCE v. T. I. RYAN.[1]

November 9, 1917.

No. 20,480.

**Motor vehicle law does not abrogate traffic ordinance.**

1. The provision of the Minneapolis traffic ordinance that vehicles upon certain designated streets shall have the right of way, at street intersections, over vehicles upon the intersecting streets, is not abrogated by the motor vehicle law.

**Collision at street intersection.— ruling of court prejudicial.**

2. Plaintiff brought suit for injuries sustained in a collision at a street intersection between defendant's automobile and the automobile in which she was riding. The ordinance gave the right of way at this intersection to vehicles upon the street along which defendant was proceeding. The court ruled that the ordinance had been abrogated. *Held* prejudicial error.

Action in the district court for Hennepin county to recover $2,550 for injuries received by plaintiff in a collision between an automobile owned and driven by her husband and defendant's car. Among other matters, the answer set up the traffic ordinance of the city of Minneapolis referred to in the second paragraph of the opinion, and alleged that the automobile in which plaintiff was riding was proceeding at an excessive rate of speed so as to endanger the property of persons using the highways mentioned in the pleadings; that the automobile in which plaintiff was riding, without any warning, shot immediately in front of defendant's automobile, so that it' was impossible for defendant's automobile to come to a stop before reaching the point of said collision, or to avoid the automobile in which plaintiff was riding. The case was tried before Leary, J., and a jury which returned a verdict for $1,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Swan, Stinchfield & Richards,* for appellant.

*Selover, Schultz & Selover,* for respondent.

[1]Reported in 164 N. W. 982.

TAYLOR, C.

Plaintiff recovered a verdict for injuries sustained in a collision between two automobiles at a street intersection in the city of Minneapolis, and defendant appealed from an order denying his alternative motion for judgment or for a new trial.

Franklin avenue runs in an east and west direction and is crossed at right angles by Third avenue south. Plaintiff was traveling west along the north side of Franklin avenue in an automobile owned and driven by her husband; and defendant was traveling south along the west side of Third avenue in an automobile owned by him and driven by his son. The two machines reached the intersection of the streets at nearly the same time and a collision occurred. At the trial, defendant offered in evidence an ordinance of the city of Minneapolis giving vehicles driven along Third avenue the right of way at street intersections over those driven along the intersecting streets. The court refused to admit the ordinance in evidence on the ground that it had been annulled by the motor vehicle law. Whether this ruling was erroneous; and, if so, whether it was prejudicial to defendant, are the only questions presented.

Plaintiff contends: (1) That the motor vehicle law abrogated this provision of the ordinance, and that the ruling was correct; (2) that even if this provision of the ordinance had not been abrogated, it did not apply in the instant case for the reason that her husband's car reached the crossing sufficiently in advance of defendant's car to be entitled to the right of way notwithstanding the ordinance; and (3) that she was merely a passenger, and, if her husband was negligent in failing to yield the right of way, his negligence is not imputable to her.

The motor vehicle law (G. S. 1913, § 2637), annuls all city and village ordinances regulating or limiting the use or speed of motor vehicles, and undoubtedly abrogates all other municipal regulations which are inconsistent with it. But the ordinance here in question is a general traffic regulation governing the movement of all vehicles at street intersections, and is designed to facilitate the use of the streets and prevent accidents. It applies indiscriminately to all vehicles without regard to the motive power by which they are propelled, and merely gives to those proceeding along certain streets the right of way at street intersections over those proceeding along the intersecting streets. When travelers upon

intersecting streets approach the point of intersection so nearly at the same time that one must give precedence to the other, it points out which one shall yield the right of way, and which one may proceed. It is merely a traffic regulation, and not a regulation restricting the use of motor vehicles within the meaning of the statute. The city possessed the power to make and enforce this regulation, unless such power has been taken from it by the statute. State v. Larrabee, 104 Minn. 37, 115 N. W. 948. If the statute had provided that at street intersections travelers upon one of the intersecting streets should have the right of way over those upon the other, the statute would doubtless supersede the ordinance, but the statute in question contains no such provision. It establishes certain road rules, but contains no provision determining the respective rights of travelers at street intersections. As the statute established no rule which applies to the situation provided for by the ordinance, we are of opinion that this provision of the ordinance is still in force. Freeman v. Green (Mo. App.) 186 S. W. 1166; Hiscock v. Phinney, 81 Wash. 117, 142 Pac. 461; City of Oshkosh v. Campbell, 151 Wis. 567, 139 N. W. 316; Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; Evans v. City of Redwood Falls, 103 Minn. 314, 115 N. W. 200.

2. The evidence is not conclusive that the car in which plaintiff was riding reached the street intersection appreciably in advance of defendant's car. There was testimony to that effect on the part of plaintiff, but there was also testimony to the contrary on the part of defendant. The question was for the jury.

3. It is true that plaintiff is not chargeable with the contributory negligence of her husband; and, if the ordinance bore only upon the question as to whether he had been negligent, its exclusion was without prejudice. But the primary question was whether defendant's son had been negligent in driving defendant's car, and this might depend upon whether he was or was not entitled to the right of way. If he was entitled to the right of way, an attempt to cross the intersection might not be an act of negligence under circumstances which would make it an act of negligence if he was not entitled to the right of way. The rule giving the right of way to vehicles on Third avenue should have been taken into consideration

in determining whether he was chargeable with negligence, and its exclusion was prejudicial.

Order reversed and a new trial granted.