# STATE v. OTTO MANDEHR AND OTHERS.[1]

July 2, 1926.

No. 25,512.

**Conviction under ordinance prohibiting driving motor vehicle while drunk invalid because of act of 1925.**

1. Laws 1925, c. 416, § 26, annulled an ordinance of the city of St. Paul prohibiting a person in an intoxicated condition from driving a motor vehicle, and a judgment convicting such a person of a violation of the ordinance is invalid.

**Where court had jurisdiction to hear a case perjury can be committed by giving false testimony even when ordinance was invalid.**

2. The rule that crime of perjury cannot be committed by giving false testimony in an action over which the trial court had no jurisdiction is not applicable where the court had authority to hear and determine the matter in controversy and to declare the law. Even though the trial court erroneously determined that the ordinance was valid, jurisdiction to try the case on the merits was not lost. The power to decide a question presented to the court carries with it the power to decide wrongly as well as rightly. The boundary between an error of judgment and the usurpation of judicial power is this: The former is reversible by an appellate court and is therefore voidable, while the latter is a nullity. Witnesses who wilfully gave false testimony concerning a material matter in the course of the trial of the person charged with a violation of the ordinance were guilty of perjury.

Courts, 15 C. J. p. 729 n. 49.
Municipal Corporations, 28 Cyc. p. 367 n. 13.
Perjury, 30 Cyc. p. 1411 n. 15; p. 1413 n. 19.

See note in 21 A. L. R. 1212.
See 21 R. C. L. p. 261; 3 R. C. L. Supp. p. 1145.

Defendants appealed from an order of the district court for Ramsey county, Hanft, J., denying their motion for judgment notwith-

[1]Reported in 209 N. W. 750.

standing the verdict or for a new trial after conviction of the crime of perjury. Affirmed.

*McMeekin, Quinn & Swan, Bjorklund & Andre* and *A. R. Bratter,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *Harry H. Peterson,* County Attorney, and *Allan M. McGill,* Assistant County Attorney, for respondent.

LEES, C.

Charged with a violation of an ordinance of the city of St. Paul prohibiting a person in an intoxicated condition from driving a motor vehicle, the appellant Mandehr was tried in the municipal court, found guilty and sentenced to imprisonment. At the trial, he and the other appellants falsely testified that the car in question was driven by the appellant Bergstrom at the time and place specified in the complaint. An information charging all three with the crime of perjury was subsequently filed and they were convicted. They have appealed from an order denying their motion for a new trial.

In presenting the appeal, counsel for appellants contend that the ordinance upon which the prosecution was based is invalid and that perjury cannot be committed on the trial of a person charged with a violation of an invalid ordinance.

1. It is conceded that, since the enactment of L. 1911, p. 493, c. 365, no city or village has had authority to adopt an ordinance limiting the speed of motor vehicles. Chapter 365 has been amended from time to time, but has always retained a provision that no ordinance "in respect of or limiting the use or speed of motor vehicles" shall have any force or validity. The effect to be given to the word "use" is the point upon which opposing counsel are unable to agree. The above quoted provision is found in L. 1925, c. 416, § 26. The state contends that this section should be limited in its application to ordinances or parts of ordinances which regulate the speed of motor vehicles; that the words "use or" are surplusage and the statute should be read as though it did not contain them.

Chapter 416 is entitled: "An act to regulate traffic and the opera-
tion of vehicles upon streets and highways," etc. It prescribes the
manner in which motor vehicles shall be equipped and driven. It
has more to say on that subject than on the subject of speed. It
establishes uniform rules which are operative throughout the state,
to the exclusion of local regulations not expressly or impliedly au-
thorized by chapter 416.

This court has twice used language opposed to a construction
of the act which would practically eliminate the word "use." In
Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627, the court
said:

"What this section [Sec. 2637, G. S. 1913] forbids is local regu-
lation of the use or speed of motor vehicles. We do not think that
it was the purpose to limit cities in their power to adopt their own
scheme of taxation. Only indirectly does taxation limit the use
of vehicles which occasion the tax."

In Bruce v. Ryan, 138 Minn. 264, 164 N. W. 982, the court said
that the statute "annuls all city and village ordinances regulating
or limiting the use or speed of motor vehicles, and undoubtedly
abrogates all other municipal regulations which are inconsistent
with it." That case involved an ordinance governing the movement
of all vehicles at street intersections, and it was held that the
ordinance was merely a traffic regulation and not one restricting
the use of motor vehicles.

The ordinance under which Mandehr was prosecuted deals with
the same subject matter as § 29 of c. 416, but is not inconsistent
therewith. The state makes much of this fact.

The rule that a general law and a local ordinance may stand
together provided the ordinance is not inconsistent with the law
is well settled, so is the rule that regulations purely municipal in
their character may be adopted by any city or village by virtue of
its police powers, to the end that good order in the larger centers
of population may be preserved. These rules were first announced
in State v. Lee, 29 Minn. 445, 13 N. W. 913. That case has been
followed and its underlying principles extended in City of Virginia

v. Erickson, 141 Minn. 21, 168 N. W. 821, and in State v. Anderson, 165 Minn. 150, 206 N. W. 51.

The true purpose of all municipal ordinances is to regulate local affairs. The sobriety of drivers of motor vehicles is not a local affair. It is a matter of concern to all the people of the state. A driver under the influence of intoxicating liquor is a menace to everyone who happens to be on the road or street while he is at large. It is true that he is a greater menace when he selects a busy street as a driveway instead of a remote country road. The legislature might have said that the enactment of c. 416 should not prevent municipalities from adopting ordinances regulating the operation of motor vehicles, or it might have been silent on that subject. In either case, an ordinance consistent with the statute would have been valid and enforceable. But, in the face of its express declaration that an ordinance limiting the use or speed of motor vehicles shall have no force or effect, there is no room for the application of the rule of State v. Lee, supra.

It is too clear for argument that to drive a motor vehicle is to use it, and the conclusion follows that Mandehr's conviction was unauthorized for the reason that the ordinance had been superseded by the statute. In reaching this conclusion, we have consulted with profit Helmer v. Superior Ct. 48 Cal. App. 140, 191 Pac. 1001, and City of Buffalo v. Lewis, 192 N. Y. 193, 84 N. E. 809.

2. With substantial unanimity the authorities agree that, if the court had no jurisdiction of the subject matter of an action in which an oath was administered to a witness who testified falsely concerning a material matter, a conviction of the crime of perjury cannot be sustained. Smith v. State, 31 Tex. Cr. 315, 20 S. W. 707; State v. Hall, 7 Blackf. (Ind.) 25; In re Smith, 110 Mich. 435, 68 N. W. 228; Maynard v. People, 135 Ill. 416, 25 N. E. 740; U. S. v. Jackson, 20 App. D. C. 424; Collins v. State, 78 Ala. 433; Buell v. State, 45 Ark. 336; Renew v. State, 79 Ga. 162, 4 S. E. 19; 2 Bishop, Cr. L. § 1020; 2 Wharton, Cr. L. § 1521.

Perjury is defined by G. S. 1923, § 10016, reading in part as follows:

"Every person who shall swear * * * that he will truly testify * * * in an action * * * or on any occasion in which an oath is required by law, or is necessary for the prosecution or defense of a private right or for the ends of public justice, or may lawfully be administered, and who, in such action * * * shall wilfully and knowingly testify * * * falsely in any material matter, or shall state in his testimony * * * any material matter to be true, which he knows to be false, shall be guilty of perjury."

In State v. McCarthy, 41 Minn. 59, 42 N. W. 599, and State v. Scatena, 84 Minn. 281, 87 N. W. 764, it was said that one of the elements of perjury, as defined by our statute, is that the accused was sworn or affirmed that he would truly testify in an action, proceeding, hearing, inquiry or occasion in which an oath is required by law.

For the purposes of this appeal, it is conceded that the appellants wilfully and knowingly testified falsely concerning a material matter, but it is contended that the false testimony was not given on an occasion in which an oath was required by law or might be lawfully administered, because the municipal court had no jurisdiction of the subject matter of the action and was proceeding wholly without authority of law.

Jurisdiction is authority to hear and determine a matter in controversy. Montour v. Purdy, 11 Minn. 278, 297 (384), 88 Am. Dec. 88; State v. Matter, 78 Minn. 377, 81 N. W. 9; State v. Dreger, 97 Minn. 221, 224, 106 N. W. 904.

The power to hear and determine a cause is jurisdictional; it is coram judice whenever a case is presented which brings this power into action. Wood v. Myrick, 16 Minn. 447, 453 (494); Fitzpatrick v. Simonson Bros. M. Co. 86 Minn. 140, 146, 90 N. W. 378.

Jurisdiction depends upon the right of the court to hear the matter in controversy and to declare the law. State v. Eberhart, 116 Minn. 313, 319, 133 N. W. 857, 39 L. R. A. (N. S.) 788, Ann. Cas. 1913B, 785.

Jurisdiction is the power to hear and determine, but it involves also the power to give the judgment that is entered. State v. Reed, 132 Minn. 295, 156 N. W. 127.

It was the duty of the municipal court, when Mandehr was brought before it, "to hear the matter in controversy and to declare the law." State v. Eberhart, supra. It was necessary to determine whether the ordinance was in force and effect or whether it had been superseded by L. 1925, p. 666, c. 416. That was a question of law. The record in the municipal court is not before us and we do not know whether the validity of the ordinance was questioned at the trial. It could have been and if it was it became the duty of the court to determine the question. If the court erroneously determined that the ordinance was valid, jurisdiction to consider and try the case on the merits would not be lost. With practical unanimity the authorities agree that the power to decide a question presented to a court necessarily carries with it the power to decide wrongly as well as rightly. The cases are collected in 15 C. J. pp. 729, 730. Foltz v. St. Louis & S. F. Ry. Co. 8 C. C. A. 635, 60 F. 316, Ex parte Moran, 75 C. C. A. 396, 144 F. 594, and Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266, are specially instructive. This does not mean that a court may usurp power as it sees fit. The boundary between an error of judgment and the usurpation of judicial power is this: The former is reversible by appellate court and is therefore only voidable, while the latter is a nullity. Voorhees v. Bank of U. S. 10 Pet. 449, 475, 9 L. ed. 490; Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, 933, 934.

To return to the original question. If the municipal court had power, as we think it had, to determine in the first instance whether the ordinance was valid or invalid, and, if it reached the conclusion that the ordinance was valid it would necessarily proceed to try Mandehr to determine his guilt or innocence. The fact that he was tried indicates that the court either held the ordinance valid or did not consider the question at all because it was not raised. The judgment of conviction was erroneous. It would have been reversed on appeal, or Mandehr might have been released from

imprisonment in a habeas corpus proceeding. In re White, 43 Minn. 250, 45 N. W. 232. But it does not follow that the court was without jurisdiction because its judgment was open to attack in either manner.

There was no usurpation of judicial power. The municipal court has jurisdiction of prosecutions for violations of ordinances of the city of St. Paul. It had jurisdiction over Mandehr's person and over the subject matter of the litigation. The rule upon which appellants' counsel rely is not applicable. In giving the false testimony the appellants committed the crime of perjury, notwithstanding the fact that the ordinance had been annulled by the statute.

Order affirmed.