## STATE v. E. J. HUGHES.[1]

December 19, 1930.

No. 28,244.

*Harry P. Churchill,* for appellant.

*Eugene M. O'Neill* and *Edwin Murphy,* for the state.

*Clifford W. Gardner,* amicus curiae, filed a brief in support of the contention of appellant.

HILTON, J.

Defendant was charged in municipal court with having violated § 3 of ordinance No. 6856 of the city of St. Paul by driving an automobile while under the influence of intoxicating liquor. He was convicted, given a 90-day sentence, and appeals from the judgment.

Defendant appeared specially and objected to the jurisdiction of

[1]Reported in 233 N. W. 874.

the court. He sufficiently protected the record so that the question is properly before us. The evidence amply sustained the conviction.

Defendant's claim is that the ordinance is void and of no effect. This position is based upon four grounds:

(1) That the ordinance is in conflict with L. 1927, p. 563, c. 412.

(2) That the subject matter of the ordinance is not a local affair.

(3) That the ordinance is violative of art. 4, § 36, of the constitution of Minnesota (no local charter provision or ordinance passed thereunder shall supersede any general law of the state defining or punishing crimes or misdemeanors).

(4) That the ordinance violates art. 1, § 7, of the state constitution (no person, for the same offense, shall be put twice in jeopardy of punishment).

The provision of the ordinance in question reads:

"No person, whether licensed or not, who is an habitual user of narcotics, or who is under the influence of intoxicating liquors or narcotics, shall drive any vehicle upon any highway."

L. 1927, p. 563, c. 412, § 2 [1 Mason, 1927, § 2720-2] is in the identical language.

Section 103 of the ordinance makes the offense a misdemeanor and fixes the punishment upon conviction as a fine not exceeding $100 or imprisonment not exceeding 90 days. A violation of the statutory provision (§ 2, supra) is made a gross misdemeanor punishable by imprisonment for not less than 10 days or more than a year and in addition thereto by a fine of not more than $1,000.

In L. 1927, p. 563, c. 412, § 61 [1 Mason, 1927, § 2720-61] provision was also made for the revocation of chauffeurs' licenses and prohibiting others convicted of the offense from driving motor cars.

The important question to consider is the soundness of defendant's first ground. If that is determined adversely to him, the others are without merit. Generally speaking, a conviction under a municipal ordinance constitutes no bar to a conviction for the same act under a statute. State v. Lee, 29 Minn. 445, 13 N. W. 913; State ex rel. Strupp v. Anderson, 165 Minn. 150, 206 N. W. 51.

Due to the intolerable conditions existing because of the action of some of the smaller municipalities, L. 1911, p. 493, c. 365, § 18, was enacted. Exactly the same provision is found in L. 1925, p. 666, c. 416, § 26, and reads:

"No city, town, village or other municipality shall make or pass any ordinance, rule or regulation limiting or restricting the speed of motor vehicles, and no ordinance, rule or regulation heretofore or hereafter made by any city, town, village or other municipality in respect of or limiting the use or speed of motor vehicles shall have any force, effect or validity * * *."

The scope and meaning of this provision were declared in Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627; Bruce v. Ryan, 138 Minn. 264, 164 N. W. 982; State v. Mandehr, 168 Minn. 139, 209 N. W. 750.

All of L. 1925, p. 666, c. 416, was repealed by L. 1927, p. 563, c. 412, which in § 32 thereof [1 Mason, 1927, § 2720-32] provides:

"Municipalities shall have power to pass and enforce ordinances identical in effect, except as to penalties, with the provisions of this act * * *" (here follow six specified powers) and then, "no enumeration of powers of municipalities in this act shall be deemed to deny others not inconsistent with this act."

Section 33 of said c. 412 [1 Mason, 1927, § 2720-33] provides:

"Municipalities except as expressly authorized herein shall have no power or authority to alter any speed restriction declared in this act or to enact or enforce any ordinance contrary to the provisions of this act."

Even a casual reading of the 1927 law leaves no room for doubt as to the intention of the legislature. It intended by the repeal of the 1925 law and the enacting of the 1927 law to enlarge local control. This intent is manifest from permission to municipalities "to pass and enforce ordinances identical in effect, except as to penalties" with the 1927 law. Perhaps for fear that without the words "except as to penalties" it might be considered that it was intended

to permit the declaring of the violation of ordinances a gross misdemeanor, the words last above quoted were inserted.

The ordinance is valid; it covers just what the legislature authorized. It is not in conflict with the constitution or with any statute. Judgment affirmed.