## ALEX JOHNSON v. CARL BERGQUIST.[1]

December 11, 1931.

No. 28,596.

[1]Reported in 239 N. W. 772.

*Jenswold, Jenswold & Dahle,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan* and *J. R. Zuger,* for respondent.

WILSON, C. J.

Plaintiff appealed from a judgment entered pursuant to an order granting defendant judgment notwithstanding a verdict for $3,000.

Defendant, an employe of St. Louis county, was operating a caterpillar 60 horse-power tractor pulling a steel blade grader. The grader was standing within the right of way lines on a highway under construction. The tractor had just been hooked or attached to the grader in preparation for doing the work of the day. Defendant left the tractor with the motor running, and he and the grader man were adjusting the grader blade, defendant holding the blade with a large wrench to permit the adjustment. While this was being done plaintiff came along on a wagon pulled by one horse. The horse took fright from the noise of the tractor and ran away and injured plaintiff.

The sole ground of alleged liability is a violation of the uniform highway traffic act, L. 1927, p. 563, c. 412, title III, § 47, 1 Mason, 1927, § 2720-47, which provides that no person shall drive a motor vehicle on a highway unless such motor vehicle is equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise; and it is made unlawful to use a "muffler cut-out" on any motor vehicle upon any highway. By title III, § 34, it is made a misdemeanor to drive on any highway any vehicle which is not constructed or equipped as required under the act.

The tractor is a motor vehicle within the act, § 1 (a, b, f).

Defendant invokes for his protection a portion of title II, § 31, of the act, which reads as follows:

"The provisions of this act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work

upon the surface of a highway but shall apply to such persons and vehicles when traveling to or from such work."

Defendant claims that since he was actually engaged in work upon the surface of a highway at the time of the accident he comes within the foregoing exception and hence was not required to obey the mandate of title III, § 47, requiring the tractor to be equipped with a·muffler. Plaintiff meets this contention with the claim that the foregoing exception applies to title II only and has no reference to any other provisions of the act. Defendant argues that the language of the exception found in § 31 is clear and unambiguous and extends to the entire act.

The legislature has not used language indicating any intention to limit the application of the exception in § 31. Yet we note that in title I, § 1(a), the legislature used this language:

"Provided, that in as far as is applicable, for the purpose of Title II of this act, a bicycle or ridden animal shall be deemed a vehicle."

In title III, § 34, it is stated that it shall be unlawful to do certain things "exceeding the limitations stated under this title," and that it would be unlawful to use vehicles not equipped as required "under this title." Under title II, § 24(b), we find provisions applicable when a vehicle is found standing upon a highway in violation of the provisions "of this section," and in subd. (c) of this section it is said that the provisions "of this section" shall not apply under certain conditions stated. In title II, § 33, we find the provision that municipalities, except as expressly authorized in the act, shall have no power or authority to alter any speed restriction declared in the act or to enforce any ordinance contrary to the provisions of this act.

It seems clear from the foregoing that when the legislature desired to restrict the application of any provision to a particular title or section it said so. It is also to be noted that the provisions of § 33 are found under the same title as § 31. It must be that the legislature intended to prohibit any municipality from enforcing any ordinance contrary not only to the provisions of title II, wherein

the restriction is found, but also to the entire act, except as otherwise provided.

Plaintiff argues that the exception applies only to that portion of the act which precedes the exception. We think not. Title II, § 8, contains an exception relieving vehicles when operated with due regard for safety under the direction of peace officers in the chase or apprehension of violators of the law and vehicles used by fire departments and public ambulances in the performance of duty; but it is obvious that it was the intention of the legislature that this exception is to apply to subsequent provisions in the same title.

We are of the opinion that the exception contained in § 31, hereinbefore set forth, is not limited in its application as contended by plaintiff but applies to all of the provisions of the uniform highway traffic act.

■ On the morning of the day of the accident defendant, in line of duty, moved the tractor to the place where the construction work was being done. He was at the place of work. He was in charge of the tractor which he used on and in the work. He backed it up to and caused it to be attached to the grader for the purpose of carrying on the work. He left the running motor temporarily to give help to the grader man in adjusting the grader blade and had hold of the blade with a wrench, applying his strength and efforts in the course of his employment; and both he and the tractor, in our judgment, were just as much actually engaged in the work at hand as they would have been a few moments later when he operated the tractor in the pulling of the grader and moving dirt. We construe the record; that is, we draw the conclusion from the facts as stated therein, that the tractor was "actually engaged in work upon the surface of a highway" at the time of the accident.

Affirmed.