288

26031.  CROW v. THE STATE.

DECIDED FEBRUARY 24, 1937.

*McClure, McClure & Head,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

GUERRY, J.  The indictment in the present case was as follows:
"In the name and behalf of the citizens of Georgia, charge and
accuse Mrs. Mattie Crow with the offense of perjury; for that the
said Mrs. Mattie Crow on the 12th day of April in the year nine-
teen hundred and thirty-five, in the county aforesaid, did then
and there, unlawfully and with force and arms, wilfully, know-
ingly, and absolutely and falsely swear after a lawful oath had
been administered to her, said oath being the oath prescribed by
the laws of the State of Georgia to be administered to a witness
upon trials of cases and investigations held in the justice courts
of the State of Georgia by officers of the justice court of the 1096
district G. M., Catoosa County, Ga., and in the presence of the
court and by the direction of court, and in a matter material to
the issue and point in question in a judicial proceeding and in-
vestigation being then and there tried in the said justice court
of the 1096 district G. M., of said county and State, said case and
investigation being preliminary trial in which J. D. Ball was
charged with the offense of assault and battery upon Mattie Crow,
said offense being alleged to have been committed in Catoosa
County, Ga., and the said Mattie Crow, after having been sworn
as a witness for the State in the case and investigation then and
there being held and had in said justice court of the district,
county, and State aforesaid, testified upon the trial of the said
case and investigation as follows; the said evidence being material
to the issue in said investigation, the testimony of the said Mattie
Crow and sworn to by the said Mattie Crow was as follows: that
J. D. Ball had struck her with his fist in her chest and had beat
her; which said evidence and matter so sworn to by the said Mat-

tie Crow was false, in that the said J. D. Ball did not strike the said Mattie Crow with his fist or anything else; he did not as much as lay his hands upon her. And the grand jurors aforesaid do say that the said Mattie Crow did knowingly, absolutely, and falsely swear as aforesaid, and deliberately perjury commit, contrary to the laws of said State, the good order, peace, and dignity thereof." The demurrer thereto was in part as follows: "Because said bill of indictment contains no averment that the justice court of the 1096th district G. M., of Catoosa County, Georgia, had jurisdiction to entertain and determine the issue of the assault and battery upon Mattie Crow by J. D. Ball. Because said indictment does not allege or show any power, right, or authority for a lawful oath to have been administered to the said Mattie Crow prior to or at the time of the alleged false statement by the defendant, Mattie Crow. Because said bill of indictment does not show or allege any valid warrant or other valid proceeding placing jurisdiction of the issue in the justice court of the 1096th district G. M., of Catoosa County, Georgia."

We are of the opinion that the demurrer should have been sustained. An indictment for perjury must either allege expressly that the court in which the oath was administered had jurisdiction, or allege a state of facts which shows jurisdiction. The crime of perjury can be committed only in a "judicial proceeding." Code, § 26-4001. "A 'judicial proceeding' is a proceeding in a legally-constituted court." *Garrett* v. *State*, 18 *Ga. App.* 360 (89 S. E. 380). There can be no preliminary investigation or legal commitment for a criminal offense in a justice's court without the issuance of a criminal warrant. Code, §§ 24-1501, 27-401; *Ormond* v. *Ball*, 120 *Ga.* 916 (48 S. E. 383). It is in effect the written pleadings and is the sine qua non for the legality of such investigation. In *Renew* v. *State*, 79 *Ga.* 162 (4 S. E. 19), the Supreme Court held: "Judgment upon an indictment for perjury will be arrested when the indictment shows on its face that the alleged court before which the false testimony was given had no jurisdiction of the subject-matter on trial." It was said in the opinion: "The indictment alleges that the false oath was taken and the false testimony given in a proceeding on the charge of bastardy, in a 'justice court,' presided over by two named justices of the peace. There is no allegation that either of these jus-

tices had issued any warrant, or that any warrant had been issued at all. There is nothing on the face of the indictment to show that a case had been made which would entitle either of the justices to entertain jurisdiction of the subject-matter. . . If it appeared that one of these magistrates had issued a warrant and acquired jurisdiction of the subject-matter, we suppose it would not vitiate the proceeding that the other assisted at the trial." The indictment in the present case did not expressly allege that the justice's court had jurisdiction to try or investigate the guilt of Ball for the crime of assault and battery, and failed to allege the essential fact necessary to jurisdiction, to wit, that a warrant had been issued. We are therefore of the opinion that the indictment was defective, and that the demurrer should have been sustained. *Franklin* v. *State,* 91 *Ga.* 712 (17 S. E. 987).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*