## CITY OF ST. PAUL v. FLOYD R. OLSON.

220 N. W. 2d 484.

July 26, 1974—No. 44669.

*R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Philip B. Byrne,* Assistant City Attorneys, for appellant.

*Mark Reinhardt,* Legal Assistance of Ramsey County, Inc., for respondent.

PER CURIAM.

The city of St. Paul appeals, pursuant to Minn. St. 632.11, from an order of the St. Paul municipal court dismissing a prose-

cution against defendant for unreasonable acceleration of a motor vehicle in violation of a city ordinance on the ground that the ordinance is in conflict with state motor vehicle traffic law.[1] We reverse.

Minn. St. 169.03, subd. 9, makes it clear that the legislature, in passing the Highway Traffic Regulation Act, Minn. St. c. 169, did not intend to preempt the field of highway traffic regulation entirely. That subdivision reads as follows:

"The provisions of this chapter shall.be applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein. Local authorities may adopt traffic regulations which are not in conflict with the provisions of this chapter; provided, that when any local ordinance regulating traffic covers the same subject for which a penalty is provided for in this chapter, then the penalty provided for violation of said local ordinance shall be identical with the penalty provided for in this chapter for the same offense."

As we held in Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 352, 143 N. W. 2d 813, 817 (1966), in which we discussed in detail the matters of preemption and conflict, "* * * no conflict exists where the ordinance, though different, is merely additional and complementary to or in aid and furtherance of the statute." Although c. 169 does not have any provision dealing specifically with unreasonable acceleration, the act of unrea-

---

[1] The ordinance, St. Paul Legislative Code, § 134.01(5), provides as follows: "No person shall start or accelerate any motor vehicle with an unnecessary exhibition of speed on any public or private way within the city limits. Prima-facie evidence of such unnecessary exhibition of speed shall be unreasonable squealing or screeching sounds emitted by the tires or the throwing of sand or gravel by the tires of said vehicle or both."

sonable acceleration does fall within the general prohibition contained in § 169.13, subd. 2, against careless driving.[2] In other words, the ordinance specifically covers what c. 169 covers generally. This being so, the problem presented in Duffy v. Martin, 265 Minn. 248, 121 N. W. 2d 343 (1963), is not presented in this case, and the ordinance in no way interferes with any legislative intent concerning uniformity of traffic regulation throughout the state.

Reversed and remanded.

---

[2] Minn. St. 169.13, subd. 2, provides as follows: "Any person who shall operate or halt any vehicle upon any street or highway carelessly or heedlessly in disregard of the rights or the safety of others, is guilty of a misdemeanor."