STATE of Minnesota, Appellant,

v.

Esmerelda Rivera MARTINEZ, Respondent (C0–97–2288), Salvador Hernandez Otero, Respondent (C9–97–2290).

Nos. C0–97–2288, C9–97–2290.

Court of Appeals of Minnesota.

May 12, 1998.

Review Denied July 16, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul; and Michael D. Williams, Marshall County Attorney, Warren; and Scott A. Buhler, Special Assistant Marshall County Attorney, Crookston, for appellant.

Michael F. Cromett, Roseville, for respondents.

Considered and decided by WILLIS, P.J., and KLAPHAKE and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellant challenges the district court's suppression of evidence seized pursuant to a search warrant containing a no-knock provision. We affirm.

## FACTS

An officer of the Warren police department applied to the Marshall County District Court for a warrant to search the trailer home owned by respondent Esmerelda Rivera Martinez and occupied by Martinez and respondent Salvador Hernandez Otero. The court authorized an unannounced no-knock, nighttime search warrant, and officers executed it on June 28, 1997. The officers seized a rifle, cocaine, and heroin and arrested Martinez and Otero. Martinez and Otero were charged with controlled substance crimes in the first, second, third, and fifth degrees, failure to affix tax stamp, and endangerment of a child. Otero was also charged with being a felon in possession of a firearm.

Martinez, later joined by Otero, filed a motion to suppress the evidence seized pursuant to the search warrant, claiming that probable cause did not exist to support the warrant, and a motion to disclose the confi-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

dential informants' identities. The district court denied these motions.

Martinez and Otero filed a second motion to suppress the evidence and claimed, in relevant part, that the no-knock provision in the search warrant violated their constitutional rights. The district court granted this motion and suppressed all the evidence obtained pursuant to the search warrant. The state appeals from the district court's pretrial suppression order.

## ISSUES

1. Did the district court apply the incorrect standard of review when reviewing the decision to authorize a no-knock search warrant?

2. Did the district court err in concluding that the no-knock search warrant should not have been issued?

3. Did the district court err in excluding all the evidence obtained pursuant to the search warrant?

## ANALYSIS

■■■ On appeal from a pre-trial order suppressing evidence when the district court's decision is a question of law and there is no factual dispute, "the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992). A reviewing court may reverse a district court's pretrial order only if there is a clear and unequivocal showing that the district court erred and that the error will critically impact the trial outcome. *State v. Joon Kyu Kim,* 398 N.W.2d 544, 547 (Minn.1987).

## 1. Standard of Review Applied by District Court

The state initially argues that the district court erred in reviewing de novo the magistrate's decision to issue a no-knock search warrant.

■■■ A court should not review de novo a magistrate's probable cause determination supporting a search warrant, but should give "great deference" to the magistrate's deter-

mination. *State v. Wiley,* 366 N.W.2d 265, 268 (Minn.1985). Similar to reviewing whether a warrant was supported by probable cause, the district court should generally give great deference to a magistrate's decision to include a no-knock provision in a search warrant.

Here, however, the district court was not simply reviewing the facts but, rather, was making a legal determination in light of a newly released United States Supreme Court decision, *Richards v. Wisconsin,* 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). Thus, it was necessary for the district court to review de novo the no-knock provision in the warrant.

## 2. No–Knock Search Warrant

■■■ The state argues that the district court erred in concluding that the no-knock warrant was improperly issued and unconstitutional.

■■■ The "knock-and-announce principle forms a part of the Fourth Amendment reasonableness inquiry." *Wilson v. Arkansas,* 514 U.S. 927, 930, 115 S.Ct. 1914, 1916, 131 L.Ed.2d 976 (1995). The Supreme Court recently stated:

> In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.

*Richards,* 520 U.S. at ——, 117 S.Ct. at 1421. The Minnesota Supreme Court has outlined a test for determining whether an unannounced entry is appropriate:

> First, when police seeking a search warrant have reason to believe that an unannounced entry will be required in order to successfully and safely execute the warrant, they must inform the issuing magistrate of the circumstances which they believe justify the unannounced entry and obtain specific advance authorization for it. Second, in order to obtain such authority the police must make a strong showing that an announced entry will result in the

destruction of evidence or in danger to the officers executing the warrant.

a. In this regard, the officer must do more than simply make a showing that drugs are involved. In fact, we question whether an unannounced entry clause can ever be justified in a warrant to search a dwelling for drugs when there is no indication that the drugs are other than for personal use and where there is no averment of specific facts indicating that an unannounced entry is needed in order to safely and successfully execute the warrant.

b. However, if the affidavit contains a showing of necessity—e.g., a showing that the occupants are prepared to destroy evidence whenever the search warrant is executed or that the dwelling is being used as an outlet or a warehouse for a drug business—then the request for the unannounced entry clause should be granted.

The third governing principle is that even if police obtain advance judicial authorization for an unannounced entry into a dwelling, the police still should make a threshold reappraisal of the need to execute the warrant in this manner.

The fourth governing principle is that if police have no reason to seek advance authorization or if advance authorization is denied, the police still may make an unannounced entry to execute the warrant if facts arising at the threshold strongly indicate that an unannounced entry is necessary in order to safely or successfully execute the warrant.

*State v. Lien,* 265 N.W.2d 833, 838–39 (Minn. 1978). There must be a strong showing that an unannounced entry is a necessity. *Id.* at 839. Further, there can be no "blanket rule in narcotics cases authorizing unannounced entries to execute search warrants provided judicial authorization is first obtained." *Id.;* *see also Richards,* 520 U.S. at ——, 117 S.Ct. at 1418 (rejecting "a blanket exception to the knock-and-announce requirement").

Although *Lien* states that there may be no blanket rule permitting unannounced entries in narcotics cases, no-knock searches have been permitted solely because a home is suspected to be an outlet for drug sales. *See*

*Lien,* 265 N.W.2d at 839 (stating that a request for an unannounced entry should be granted if "the dwelling is being used * * * as an outlet or a warehouse for a drug business"); *see also State v. Dyer,* 438 N.W.2d 716, 719 (Minn.App.1989) (affirming validity of no-knock warrant where affidavit included information that residence was outlet for drug sales), *review denied* (Minn. June 9, 1989); *State v. Ailport,* 412 N.W.2d 35, 38 (Minn.App.1987) (affirming validity of no-knock warrant where affidavit supporting warrant application indicated dwelling was being used as a drug outlet although reasons listed for no-knock, nighttime entry were generalizations), *review denied* (Minn. Nov. 18, 1987).

After the United States Supreme Court's recent decision in *Richards v. Wisconsin,* however, it is questionable whether Minnesota may have a blanket rule that drug outlets may automatically be subject to no-knock searches. In *Richards,* the Supreme Court struck down Wisconsin's blanket rule permitting no-knock search warrants in felony drug cases. 520 U.S. at ——, 117 S.Ct. at 1418. The Court in *Richards* noted that there were at least two problems with a blanket rule based on a "culture" surrounding a general category of criminal behavior: (a) the exception is an overgeneralization because not every case poses a safety threat or threat of evidence destruction; and (b) the reasons for the exception may easily be applied to other types of crimes. *Id.* at —— – ——, 117 S.Ct. at 1420–21.

Here, the search warrant application and supporting affidavit stated that an unannounced entry was necessary "to prevent the loss, destruction or removal of the objects of the search [and] to protect the safety of the peace officers." The reasons given to support this request were: (a) the trailer home was not easily accessible without being seen by the occupants; and (b) the applying officer was "aware that persons who traffic in controlled substances are often armed with firearms and other dangerous weapons and will use these weapons."

The officer's statement that because of his experience he knew that the occupants would likely have and use weapons was merely the

officer's general observation and not particularized to Martinez and Otero. The only particularized reason given for the no-knock search here was the fact that approaching officers could easily be seen by the home's occupants. The search warrant also permitted execution at night, however, which would likely have minimized this problem. Information that Martinez and Otero may have been operating a drug outlet in their home is not a particularized reason demonstrating a safety threat to officers or a threat that evidence would be destroyed. *See Lien,* 265 N.W.2d at 838 (requiring "strong showing that an announced entry will result in the destruction of evidence or in danger to the officers executing the warrant").

Even if there was insufficient evidence in the warrant application and supporting affidavit to support a no-knock provision, the officers could have supported a no-knock execution of the warrant by showing that particularized circumstances at the time of execution required entrance without warning. *See Lien,* 265 N.W.2d at 835 (determining that although evidence was insufficient to support unannounced nighttime search at time warrant was issued, unannounced entry justified by facts at the time warrant was executed). Here, the state introduced no evidence to indicate that the circumstances at the time of execution required execution without knocking.

There were no particularized reasons in the affidavit requesting a warrant that indicate a no-knock provision was necessary in this case and the state did not introduce any evidence that the facts at the time of execution required an unannounced entry. Because under *Richards* there cannot be a blanket rule permitting no-knock searches based solely on evidence that a home may be being used as an outlet for drug sales, the district court did not commit clear error by concluding that the no-knock provision violated Martinez and Otero's constitutional rights.

### 3. Evidence Suppression

The state argues that even if the warrant improperly included a no-knock provision, the district court should not have suppressed the evidence.

### A. Independent Source/Inevitable Discovery

The state first argues that the evidence would have been "inevitably discovered" and/or it was obtained pursuant to an "independent source."

■■■ Pursuant to the exclusionary rule, evidence recovered during an unlawful search may not be introduced at trial. *State v. Lozar,* 458 N.W.2d 434, 438 (Minn.App. 1990), *review denied* (Minn. Sept. 28, 1990). The independent source doctrine permits the admission of evidence obtained during an unlawful search if the police could have retrieved the evidence "on the basis of information obtained independent of their illegal activity." *State v. Richards,* 552 N.W.2d 197, 203–04 n. 2 (Minn.1996). The inevitable discovery doctrine permits the inclusion of evidence otherwise excluded under the exclusionary rule "if the police would have inevitably discovered the evidence, absent their illegal search." *Id.*

■■■ The independent source doctrine does not apply to this case. The police conducted no other investigation that would have led to the discovery of the drugs. *See id.* (noting lack of separate investigation made independent source doctrine inapplicable). Further, the inevitable discovery doctrine cannot be applied to this case. When police obtain evidence in a warrantless search, the evidence may not be admitted under the inevitable discovery doctrine simply because a warrant *could* have been obtained. *State v. Hatton,* 389 N.W.2d 229, 234 · (Minn.App. 1986), *review denied* (Minn. Aug. 13, 1986). This court has stated that using the inevitable discovery doctrine in such a case "would 'swallow' the entire Fourth Amendment protection." *Id.* Similarly, the inevitable discovery doctrine does not apply where a no-knock provision was erroneously included in a search warrant.

### B. Good Faith Exception

The state also argues that the evidence should be admitted because the officers acted in good faith. In *Leon,* the United States Supreme Court adopted the good faith excep-

tion to the exclusionary rule. *United States v. Leon*, 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984). The Court held that evidence seized pursuant to a warrant later determined to be lacking probable cause could be admitted if the police acted in good faith in obtaining the warrant. *Id.* The Court determined that the purpose of the exclusionary rule, deterring police misconduct, would not be served by excluding the evidence. *Id.* at 919–21, 104 S.Ct. at 3419.

▉ Minnesota has not recognized a good faith exception to the exclusionary rule for a violation of the Minnesota Constitution. *State v. Kahn*, 555 N.W.2d 15, 20 (Minn.App. 1996). The supreme court has questioned "whether the exclusionary rule should apply [to a statutory violation] even if the violation were deemed of constitutional proportions" where it was clear that the police acted in good faith and the error was attributable to the magistrate who issued the warrant. *Lien*, 265 N.W.2d at 840. In *State v. Buchholtz*, the supreme court noted that "the exclusionary rule is directed at police misconduct" and that where police act in good faith and rely on the issuing magistrate's probable cause determination, applying the exclusionary rule would punish good conduct and would not deter police misconduct. *State v. Buchholtz*, 295 N.W.2d 629, 632 (Minn.1980) (citing *State v. Nolting*, 312 Minn. 449, 456 n. 7, 254 N.W.2d 340, 345 n. 7 (1977)).

In *Kahn*, this court affirmed the district court's determination that probable cause did not support a search warrant and refused to apply the good faith exception. 555 N.W.2d at 19. This court noted that although the officers in *Kahn* did not technically commit misconduct, they did not provide sufficient information in the warrant application to support a probable cause finding. *Id.* at 20. This court stated that the officers' conduct was still the type of conduct the exclusionary rule is designed to prevent. *Id.*

▉ The police did not commit misconduct here. Their failure to provide sufficient, particularized reasons for requesting a no-knock provision, however, is the type of conduct the exclusionary rule is intended to prevent. Thus, the good faith exception cannot be applied in this case.

**DECISION**

The district court did not clearly err in suppressing the evidence discovered pursuant to the search warrant. The search warrant application did not provide sufficient, particularized reasons for requesting a no-knock search.

**Affirmed.**