Xavier GARZA, Jr., Petitioner, Appellant,

Xavier Garza, Sr., Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. C8–00–526, CX–00–527.

Court of Appeals of Minnesota.

Dec. 5, 2000.

Mark D. Nyvold, St. Paul, for appellant Xavier Garza, Jr.

John M. Stuart, State Public Defender, Jodie L. Carlson, Assistant Public Defender, Minneapolis, for appellant Xavier Garza, Sr.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, and Lisa Borgen, Clay County Attorney, Moorhead, for respondent.

Considered and decided by
KLAPHAKE, Presiding Judge,
LANSING and MULALLY, Judges.

## OPINION

EDWARD D. MULALLY, Judge *

Appellants Xavier Garza, Jr., and Xavier Garza, Sr., challenge their convictions for fourth-degree controlled substance crime, arguing that the no-knock authorization for execution of a search warrant for their house was not supported by any particular facts. We reverse.

## FACTS

In February 1998, police setup surveillance of the Garza residence for suspected marijuana trafficking. On February 24, 1998, the police applied for a search warrant. The warrant application contained an affidavit of a police detective. According to the detective's affidavit, Garza Jr. had been identified as the responsible party for supplying marijuana to an individual recently arrested for possession. The affidavit stated that marijuana is sold and stored at the Garza residence, that Garza Jr. had been found in possession of marijuana when stopped on February 22 for a traffic violation, and that marijuana residue and smoking implements had recently been found in the garbage of the Garza residence. The warrant application requested authorization for unannounced entry (often referred to as a no-knock provision), stating that persons involved in drug trafficking will destroy evidence and use violence if given prior warning.

The district court issued the search warrant containing a no-knock provision and at 12:05 p.m. on February 24, 1998, the police executed the warrant at the Garza residence. They found about $1,400 in cash in the master bedroom and one pound of marijuana in a storage shed. Neither Garza Jr. nor Garza Sr. was present at the time the warrant was executed.

In separate proceedings, the state charged Garza Jr. and Garza Sr. with one count each of fourth-degree controlled substance crime under Minn.Stat. § 152.024, subd. 1(4) (1998). The Garzas filed motions to suppress the evidence obtained from the search of the Garza home. The district court denied the suppression motions and the cases were submitted on stipulated facts in accordance with *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980). The trial court found both Garza Jr. and Garza Sr. guilty as charged, imposing sentences consistent with sentencing guidelines. The Garzas filed appeals in July 1999, but withdrew those appeals to pursue postconviction relief. In a February 8, 2000 order, the trial court denied postconviction relief. This court consolidated the subsequent appeals.

## ISSUE

Did the warrant application contain particularized reasons to justify advanced authorization of unannounced entry?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

■ When the facts are not in dispute and the district court's decision is a question of law, we may independently review the facts and determine as a matter of law whether evidence should be suppressed. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992).

■ The "commonlaw principle of announcement * * * is an element of the reasonableness inquiry under the Fourth Amendment." *Wilson v. Arkansas*, 514 U.S. 927, 934, 115 S.Ct. 1914, 1918, 131 L.Ed.2d 976 (1995) (footnote omitted). The announcement principle, commonly known as the "knock-and-announce" rule, has four components: before crossing the threshold to execute a search warrant officers must (1) knock; (2) identify themselves as law-enforcement officers; (3) announce their authority and purpose ("search warrant"); and (4) wait a reasonable time for occupant to allow or refuse entry. *United States v. Beckford*, 962 F.Supp. 767, 774 (E.D.Va.1997); *see also Wilson*, 514 U.S. at 931–36, 115 S.Ct. at 1916–19; *State v. Linder*, 291 Minn. 217, 219, 190 N.W.2d 91, 93 (1971).

■ Police seeking a search warrant may obtain from the issuing magistrate specific advanced authorization to use an unannounced entry to execute a warrant. *State v. Lien*, 265 N.W.2d 833, 838 (Minn. 1978). In order to obtain advanced authorization for unannounced entry, the police "must make a strong showing that an announced entry will result in the destruction of evidence or in danger to the officers executing the warrant." *Id.* The police "must do more than simply make a showing that drugs are involved." *Id.* The police must have a reasonable suspicion based on particular circumstances that announcement "would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997).

■ Our supreme court recently examined the announcement principle and advanced authorization for unannounced entry in *State v. Wasson*, 615 N.W.2d 316 (Minn.2000). The court explained that

[i]mportant purposes are served by the knock and announce requirement, including preventing the unnecessary destruction of property and mistaken entry into the wrong premises, protecting against unnecessary shock and embarrassment, and decreasing the potential for a violent response.

*Id.* at 319–20. "[W]e require the police to inform the issuing magistrate of the circumstances that they believe justify the unannounced entry." *Id.* at 320. "Given the constitutional dimension to the method of entry into a residence, evidence should be suppressed when the circumstances do not warrant an unannounced entry." *Id.* See also *State v. Barnes*, 618 N.W.2d 805 (Minn.App. 2000).

■ The Garzas argue that warrant application in this case did not contain any particular circumstances so as to justify a no-knock provision. Admittedly boilerplate language in a search warrant application does not satisfy the particularized showing requirement. *Wasson*, 615 N.W.2d at 320. In requesting unannounced entry, the warrant application stated no-knock entry was necessary because:

Persons involved in Drug trafficking will destroy evidence if given prior warning. Drug traffickers also will use violence if given prior warning therefore Law Enforcement needs the element of surprise to protect themselves from harm.

As the Garzas point out, this statement is the very kind of general boilerplate request rejected by the United States Supreme Court in *Richards v. Wisconsin:*

In *Richards*, the Supreme Court struck down Wisconsin's blanket rule permitting no-knock search warrants in felony drug cases. 520 U.S. at 385, 117 S.Ct. at 1418. The Court in *Richards* noted

that there were at least two problems with a blanket rule based on a "culture" surrounding a general category of criminal behavior: (a) the exception is an overgeneralization because not every case poses a safety threat or threat of evidence destruction; and (b) the reasons for the exception may easily be applied to other types of crimes. *Id.* at 392–94, 117 S.Ct. at 1420–21.

*State v. Martinez,* 579 N.W.2d 144, 147 (Minn.App.1998), *review denied* (Minn. July 16, 1998).

In *Martinez,* we applied *Richards* in upholding the determination that a no-knock provision violated Fourth Amendment rights because it was not based on any particularized reasons.

> There were no particularized reasons in the affidavit requesting a warrant that indicate a no-knock provision was necessary in this case and the state did not introduce any evidence that the facts at the time of execution required an unannounced entry. Because under *Richards* there cannot be a blanket rule permitting no-knock searches based solely on evidence that a home may be being used as an outlet for drug sales, the district court did not commit clear error by concluding that the no-knock provision violated [appellants'] constitutional rights..

*Martinez,* 579 N.W.2d at 148.

Prior to *Richards,* Minnesota courts upheld no-knock search warrants based solely on a house being a drug sales outlet. *See State v. Dyer,* 438 N.W.2d 716, 719 (Minn.App.1989), *review denied* (Minn. June 9, 1989); *State v. Ailport,* 412 N.W.2d 35, 38 (Minn.App.1987), *review denied* (Minn. Nov. 18, 1987). But the Richards rule against blanket no-knock provisions controls the present case. The only support for the no-knock provision in the warrant application was the generalized request. In the absence of particularized reasons, the no-knock provision violates the Garzas' Fourth Amendment rights.

■ Nonetheless, the trial court denied postconviction relief, finding that the no-knock provision was adequately supported. The Garzas argue that the trial court clearly erred in making postconviction findings regarding the necessity of the no-knock provision. In finding of fact number fourteen, the trial court stated that:

> The basis for the no-knock provision was potential destruction of evidence and specifically Garza Jr.'s propensity for violent behavior. There was also evidence that Garza Jr. had a gun in his possession.

At the pretrial suppression hearing, the police detective testified that the basis for requesting the no-knock search included

> my knowledge of Mr. Garza, Jr. and his propensity for violence and the fact that I had been advised by a law enforcement officer that Mr. Garza had been in possession of a firearm.

But nothing in the warrant application references any propensity for violence or any firearm. The state may not rely on the detective's subsequent testimony to support upholding the advanced authorization of the no-knock warrant since this information was not provided to the issuing magistrate. *C.f. State v. Ward,* 580 N.W.2d 67, 71 (Minn.App.1998) (review of magistrate's probable cause determination is limited to information contained in affidavit supporting warrant application).

■ That is not to say that the detective's testimony providing information he had about Garza, Jr. could not be a relevant factor in reasonableness analysis. Execution of a no-knock warrant requires police to make a threshold reappraisal of the need for unannounced entry. *Lien,* 265 N.W.2d at 839. Also, police may make an unannounced entry without pre-authorization if necessary for a safe and successful execution of the warrant. *Wasson,* 615 N.W.2d at 320, n. 2 (citing *Lien,* 265 N.W.2d at 838). Certainly, any particularized information an executing officer might have concerning a suspect's propensity for

violence would be a factor is considering whether the executing officer had reasonable suspicion so as to justify unannounced entry. But if such information is not provided in the warrant application, it cannot form a basis for advanced authorization of unannounced entry.

 The state argues that the Garzas do not have standing to challenge the legality of the no-knock provision because they were not at home when the search warrant was executed. But when standing is based on a person's long-term connection to the premises, it is not necessary for them to have been present at the time of the search. *State v. Reynolds,* 578 N.W.2d 762, 765 (Minn.App.1998).

 The state argues that even if the no-knock provision was unsupported, the evidence is admissible under the good faith exception to the exclusionary rule. But we have explicitly stated that the good faith exception cannot be applied to police failure to provide sufficient, particularized reasons for requesting a no-knock provision. *Martinez,* 579 N.W.2d at 149.

 The state argues that the marijuana is nevertheless admissible because it was found in a shed outside the house. But the notice requirement applies to all buildings within the curtilage. See 2 Wayne R. LaFave, *Search & Seizure,* § 4.8(a), at 605 (3rd ed.1996).

 Finally, the state suggests that the police would have "inevitably discovered" the marijuana in the shed. But in *Martinez,* we recognized that "the inevitable discovery doctrine does not apply where a no-knock provision was erroneously included in a search warrant." 579 N.W.2d at 148.

## DECISION

The search warrant application did not contain any particularized reasons so as to justify the authorization of unannounced entry. Accordingly, the evidence seized must be suppressed.

**Reversed.**