*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0315**

State of Minnesota,
Appellant,

vs.

James Nils Andersen,
Respondent.

**Filed September 14, 2015
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-13-22946

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven M. Tallen, Tallen and Baertschi, Minneapolis, Minnesota (for appellant)

Douglas V. Hazelton, Marsh J. Halberg, Christina Zauhar, Halberg Criminal Defense, Bloomington, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**PETERSON**, Judge

In this pretrial appeal, the State of Minnesota challenges the district court's order suppressing evidence and dismissing a boating-while-impaired charge against respondent James Nils Anderson.  We affirm.

## FACTS

Hennepin County Sheriff's Deputy Jacob Spies, who was assigned to water patrol in the Lake Minnetonka Conservation District (LMCD), stopped a boat with red and green running lights that were placed on the boat in locations that violated an LMCD regulation.  The regulation requires running lights to be located "in the forward section of the watercraft."  LMCD Code of Ordinances § 3.04, subd. 1(a) (2004).  Spies testified that the sole reason why he stopped the boat was that the red and green lights were not in the front half of the boat.

While investigating, Spies noted that respondent, the driver and owner of the boat, exhibited signs of alcohol intoxication, including slurred speech and red glassy eyes.  Spies placed respondent in the patrol boat and conducted a number of field sobriety tests, which respondent failed.  Respondent also failed a preliminary breath test.  Spies arrested him for operating a boat while impaired.

Respondent moved to suppress all evidence obtained as a result of the stop, alleging that the stop was unlawful because the LMCD lighting regulation is invalid.  Respondent argued that the regulation is preempted by federal and state law.  The district

court found that the regulation is preempted, suppressed the evidence, and dismissed the charge against respondent. This appeal followed.

## D E C I S I O N

The state may appeal from a pretrial order when it alleges that the district court's error, unless reversed, will have a critical impact on the outcome of the trial. Minn. R. Crim. P. 28.04, subd. 2(2)(b); *State v. Underdahl*, 767 N.W.2d 677, 681 (Minn. 2009). "Dismissal of a complaint satisfies the critical impact requirement." *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *review dismissed* (Minn. June 22, 2001). The state contends that the district court erred by concluding that the regulation is preempted.[1] We review the question of whether an ordinance is preempted by state statute as a question of law subject to de novo review. *State v. Kuhlman*, 729 N.W.2d 577, 580 (Minn. 2007).

> Minnesota recognizes two separate doctrines that determine preemption questions. The first, referred to specifically as "preemption," is based on the "occupying the field" concept. A state law may fully occupy a particular field of legislation so that there is no room for local regulation. Under this doctrine it does not matter whether the regulation coincides with, is complementary to, or opposes the state law. The second doctrine, referred to as "conflict," provides that a local ordinance is invalid only if the terms of the ordinance and a state statute are irreconcilable.

*Minn. Agric. Aircraft Ass'n v. Twp. of Mantrap*, 498 N.W.2d 40, 42 (Minn. App. 1993) (citations omitted).

Minnesota Statutes chapter 86B governs "the operation, equipment, numbering, and all other related matters for a watercraft operated on the waters of this state." Minn.

---

[1] Because we conclude that state law preempts the ordinance, we do not address the question of federal preemption.

3

Stat. § 86B.201, subd. 1 (2014). Chapter 86B directs the commissioner of natural resources to adopt rules that relate to "standards for lights, signals, fire extinguishers, bilge ventilation, and lifesaving equipment." Minn. Stat. § 86B.211(6) (2014). The commissioner of natural resources adopted Minn. R. 6110.1200, subp. 7(B)(6) (2013), which requires all motorized watercraft to display a green light on the starboard side and a red light on the port side. The rule does not specify that the lights must be on any particular section of the watercraft; it states that the lights must be "visible in an unbroken horizontal arc from dead ahead to 22.5 degrees abaft the beam[2] on its respective side." *Id*. Chapter 86B also states that "[t]his chapter does not limit the authority of a political subdivision of this state to adopt regulations that are not inconsistent with this chapter and the rules of the commissioner." Minn. Stat. § 86B.201, subd. 2(a) (2014).

LMCD was created by state statute and is a political subdivision of this state. Minn. Stat. §§ 103B.601-.645 (2012). Among other things, LMCD has the power "to regulate the types of boats permitted to use [Lake Minnetonka]" and "to regulate the speed of boats on the lake and the conduct of other activities on the lake." Minn. Stat. § 103B.611, subd. 3(1), (4). To effectuate its powers, LMCD may adopt rules and regulations that have the effect of ordinances. Minn. Stat. § 103B.641, subd. 1(a)-(b).

---

[2] The "beam" is "[t]he breadth of a ship at the widest point." *The American Heritage Dictionary of the English Language* 155 (5th ed. 2011). "Abaft" means "[t]oward the stern from." *Id*. at 2. Thus, the phrase "abaft the beam" means from the widest point of the boat toward the back of the boat, and the rule requires that the light on each side of the boat be visible from straight ahead of the boat around that side of the boat to a point 22.5 degrees beyond the widest point of the boat.

LMCD has adopted regulations governing watercraft, including a regulation requiring that "[w]atercraft shall be equipped with and have in operation a red 10 point light to port (left) and a green 10 point light to starboard (right) in the forward section of the watercraft." LMCD Code § 3.04, subd. 1(a).

Because Minn. Stat. § 86B.201, subd. 2, permits local authorities to enact some regulation, state law does not "occupy the field." *See Mangold Midwest Co. v. Village of Richfield*, 274 Minn. 347, 356-60, 143 N.W.2d 813, 819-21 (1966) (applying preemption or occupation-of-the-field doctrine). Therefore, the LMCD ordinance is preempted only if it is in conflict with or cannot be reconciled with the rule adopted according to the statute. *Mantrap*, 498 N.W.2d at 42; *see* Minn. Stat. § 14.38, subd. 1 (2014) (stating that rule "shall have the force and effect of law"); *see also Kuhlman*, 729 N.W.2d at 580 (stating that although home-rule-charter city with a general welfare clause has same power to enact traffic regulations, its regulations are not valid if they conflict with state law).

An ordinance does not conflict with state law if it "is merely additional and complementary to or in aid and furtherance of the statute." *Kuhlman*, 729 N.W.2d at 580 (quotations omitted). But an ordinance that adds a requirement that is not included in the statute is invalid. *Id.* at 581. And "a municipality may not prohibit by ordinance conduct that is not prohibited by statute." *Id.* at 581-82.

The state argues that because R. 6110.1200, subp. 7(B)(6), does not specify a placement location for lights and specifies only visibility requirements, the ordinance is supplemental to the rule and does not conflict with it. But, depending on the shape of a

5

watercraft, lights could meet the visibility requirements of the rule but violate the placement requirements of the ordinance.[3] Thus, the ordinance prohibits conduct that is not prohibited by the rule. We, therefore, conclude that the ordinance provision that requires running lights to be on the forward section of a watercraft is preempted by Minn. R. 6110.1200, subp. 7(B)(6).

Our conclusion is supported by the supreme court's reasoning in *Village of Brooklyn Ctr. v. Rippen*, 255 Minn. 334, 96 N.W.2d 585 (1959). In that case, the Village of Brooklyn Center, exercising its police power, enacted a licensing requirement for all boats using certain lakes that were wholly or partially located within its borders. *Rippen*, 225 Minn. at 335, 96 N.W.2d at 586-87. The supreme court acknowledged that a village had the implied power to regulate boating on lakes within its boundaries but held that there is no implied power to license. *Id*. at 336, 96 N.W.2d at 587. The supreme court explained:

> In this jurisdiction we are committed to a liberal interpretation of statutory and charter provisions as to the exercise of the police power by municipalities concerning matters peculiarly subject to local regulation. A liberal interpretation of what is implied as a necessary aid to the enforcement of a regulatory power conferred on a village pursuant to a specific statutory grant is limited to those matters which are peculiarly subject to local regulation. Where, however, the activity or subject of the regulation is not peculiarly local in character, the regulatory power under

---

[3] The ordinance does not define "forward section of the watercraft." But Spies stopped respondent's boat because the lights were not in the front half of the boat. If the beam of a boat is in the back half of the boat, lights placed in the back half of the boat could comply with the state rule but violate the LMCD ordinance.

> the general welfare clause is not to be extended beyond its scope unless it clearly appears that the legislature so intended.

*Id.* at 337, 96 N.W.2d at 588 (emphasis omitted) (citation omitted).

The LMCD was granted the power to regulate the types of boats permitted to use Lake Minnetonka and the speed of boats on the lake, which are matters peculiarly subject to local regulation. The commissioner of natural resources was directed to adopt rules relating to standards for lights on watercraft, which is a subject that is not peculiarly local in character. Consequently, the power to regulate the types of boats and the speed of boats should not be extended to regulating standards for lights unless it clearly appears that the legislature so intended. Nothing in the grant of power to the LMCD to regulate the types of boats and their speed on the lake suggests that the legislature intended the grant to include authority to regulate standards for lights.

Also, chapter 86B expressly states that the policy of this state is to promote "uniformity of laws relating to the use" of state waters. Minn. Stat. § 86B.001 (2014). This policy is thwarted by a local ordinance that prohibits running lights on one lake that are permitted on other lakes. As the supreme court stated in *Duffy v, Martin*, with respect to motor-vehicle regulations, "The purpose of uniformity required by our statutes is to enable a driver of a motor vehicle to proceed in all parts of the state without the risk of violating an ordinance with which he is not familiar." 265 Minn. 248, 255, 121 N.W.2d 343, 348 (1963). This purpose of uniformity also applies to boating regulations.

Finally, the state urges us to adopt a good-faith exception to the exclusionary rule. Minnesota has not adopted a good-faith exception to the exclusionary rule.[4] *State v. Martinez*, 579 N.W.2d 144, 149 (Minn. App. 1998), *review denied* (Minn. July 16, 1998); *see State v. Jackson*, 742 N.W.2d 163, 180 n.10 (Minn. 2007) (commenting that Minnesota has "consistently declined to adopt, much less even address, the . . . 'good faith' exception"). "[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court." *Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn. App. 1987), *review denied* (Minn. Dec. 18, 1987).

Because the LMCD ordinance conflicts with state law, the district court did not err when it determined that the ordinance is invalid. Because the ordinance is invalid, the district court did not err when it suppressed the evidence obtained as a result of stopping respondent's boat for violating the ordinance and dismissed the charge against respondent.

**Affirmed.**

---

[4] The Minnesota Supreme Court recently adopted a limited good-faith exception rule in *State v. Lindquist*, ___ N.W.2d ___, 2015 WL 4928147, at *11 (Minn. Aug. 19, 2015). This narrow exception applies "only when law enforcement officers act pursuant to binding appellate precedent" and is not applicable here. *Id.*