*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1082**

State of Minnesota,
Respondent,

vs.

Carla Camille Thomas,
Appellant.

**Filed June 13, 2016
Affirmed
Reyes, Judge**

Stearns County District Court
File No. 73CR137421

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, John Donovan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Tracy Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

On appeal from her convictions of possession and sale of a controlled substance, appellant argues that the district court erred in denying her suppression motion because

the officer's material omissions invalidated the warrant, and no other reasonable suspicion justified the unannounced, nighttime entry. We affirm.

## FACTS

On August 22, 2013, Officer Baumann applied for an unannounced, nighttime warrant to search both the upper- and lower-level apartments of a duplex located on 13th Street South in Saint Cloud. The upper-level apartment was rented by appellant, Carla Thomas, and the lower-level apartment was rented by Tamika Morris and Michael Brown. In Baumann's warrant application, he provided information from a concerned citizen regarding the sale and distribution of crack and cocaine and the presence of known gang members at both residences. The warrant also contained information from a confidential informant (CI) regarding Morris's and Brown's involvement in the sale and distribution of crack and cocaine in Saint Cloud. Baumann's warrant application also incorporated the criminal histories of the duplex's residents. In direct support of the unannounced-nighttime-provision of his application Baumann stated:

> Your affiant was further advised that Morris and [appellant] allow known criminal gang members to stay at their residences and to allow them to sell controlled substances out of them. Your affiant knows through training and experience that criminal gang members often commit violent crimes including assaults, robberies, and weapons offenses. **Within the past 24 hours, your affiant is aware that the St. Cloud Police Department has received multiple calls for service to the area of . . . 13[th] S[treet] [South] in reference to shots being fired and persons being seen in possession of handguns. Your affiant knows that individuals were seen running near these residences prior to officers arriving.** Your affiant

2

> believes that [an unannounced entry and][1] an approach under the concealment of darkness is necessary for the safety of the police officers involved in the entry, for other persons present during the entry, and for the citizens living in the surrounding area.

(Emphasis added.) The district court found that there was probable cause to issue the search warrant. The district court further found that there was reasonable suspicion for the unannounced, nighttime search. In the early morning of August 23, 2013, officers executed the search warrant at appellant's residence. The search revealed 35.6 grams of a controlled substance that later tested positive for cocaine. Appellant was arrested and charged with one count of first-degree possession and one count of first-degree sale of a controlled substance pursuant to Minn. Stat. § 152.021, subds. 1(1), 2(a)(1) (2012).

Appellant moved to suppress the evidence recovered during the execution of the search warrant. At a contested omnibus hearing, appellant argued that there was not a sufficient factual basis to grant the unannounced, nighttime warrant and that the application contained omissions based on summaries of three underlying police investigations and incident reports, which invalidated the warrant. Appellant introduced the following police reports at the omnibus hearing to demonstrate the omissions.

**Incident 13039079**

Two officers were dispatched to a residence on 13th Street S. on August 20, 2013, at 11:31 p.m. based on a gun complaint. They were advised that there was a "large fight"

---

[1] The warrant application contains separate paragraphs for the unannounced and nighttime provisions of the application, respectively. However, the paragraphs are identical with the exception of the words "an unannounced entry" and "an approach under the concealment of darkness."

in the street and either one shot was fired or a firework was ignited. Officer Priebe observed a black Chevy Malibu or Impala with Illinois license plates leaving the area of the complaint. Ultimately, the officers were unable to locate evidence of a firearm, of a shot fired, or that a crime had occurred.

**Incident 13039087**

Three officers were dispatched to a residence on 13th Street S. on August 21, 2013, at 1:16 a.m. for a gun complaint involving a specific male. The officers located the male, searched the immediate area, verified that he did not have a gun, and because he had not committed a crime, they released him.

**Incident 13039156**

Several officers were dispatched to a residence on 13th Street S. on August 21, 2013, at 3:21 p.m. for a gun complaint involving a male with a gun. The complaint was not substantiated, and the officers left the scene.

The district court denied appellant's motion to suppress. In February 2015, a jury trial was held. The jury found appellant guilty of both counts. The district court denied the state's motion for a durational departure and sentence. The district court imposed a 132-month sentence based on the first-degree sale of a controlled-substance conviction. This appeal follows.

**D E C I S I O N**

**I.    The district court did not err by concluding that reasonable suspicion supported the unannounced, nighttime warrant.**

Appellant argues that the district court erred by denying the motion to suppress because Officer Baumann's material omissions invalidated the warrant. Appellant specifically argues that Baumann's application "omit[ted] several critical facts about the result of the [service] calls;" that the failure "to disclose that the police found no evidence to substantiate any of the calls" were material omissions; and when the omissions are included in the application, no reasonable suspicion supported an unannounced, nighttime search. We are not persuaded.

In order for a search warrant to be invalidated due to misrepresentations or omissions in the supporting affidavit, a defendant must show under the *Franks* test that (1) the officer deliberately or recklessly made false statements or omissions and (2) the statements or omissions were material. *State v. Andersen*, 784 N.W.2d 320, 327 (Minn. 2010) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72, 98 S. Ct. 2674, 2684 (1978)). Appellate courts review "a district court's findings on the issue of whether the affiant deliberately made statements that were false or in reckless disregard of the truth" under the clearly erroneous standard, and "a district court's determination of whether the alleged misrepresentations or omissions were material to the probable cause determination is reviewed under the de novo standard." *Id.* When reviewing the affidavit we look at it as a whole rather than "each component of the affidavit in isolation." *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985).

5

**A.    The affidavit did not contain deliberate or reckless omissions.**

The district court found that the affidavit did not contain deliberate or reckless omissions.  Specifically, it found that "Officer Baumann did not state or imply that there was more to these reports than he disclosed, simply that there were multiple calls for service relating to the possible use or possession of firearms."  The district court concluded that if there was any failure to disclose information regarding the investigation "it was innocent."

The district court's findings are supported by the record.  And appellant fails to cite specific evidence establishing that Officer Baumann's omission was deliberate or reckless.  *See Andersen*, 784 N.W.2d at 327.  Baumann's application contains a fair and truthful summary of the incident reports and does not appear to be misleading.  He did not unnecessarily highlight the fact that the police department had been called to the area near appellant's duplex nor did he misstate information written in the incident reports.  Appellant points to nothing that shows more than an innocent omission.  She also focuses on two sentences in the incident reports out of the seven-page warrant application.  But we review the affidavit as a whole rather than isolating the individual components.  *Wiley*, 366 N.W.2d at 268.  We conclude that the affidavit did not contain deliberate or reckless omissions.

**B.    The omissions were not material.**

Appellant also argues that, absent the unsubstantiated reports, "no other reasonable suspicion justified the unannounced, nighttime entry."  We disagree.

6

The district court found that "the citizen reports were only one of several grounds offered for nighttime entry." The district court concluded, "Even if the omitted facts had been provided there would still have been a reasonable basis for the nighttime warrant provision." The district court also determined that the "information in the application, considered as a whole supports a reasonable suspicion" for an unannounced entry because "an announced entry 'would pose a special risk to officer safety.'"

Appellate courts independently determine whether evidence obtained from an unannounced warrant should have been suppressed. *See State v. Wasson*, 615 N.W.2d 316, 320 (Minn. 2000). A search warrant is supported by probable cause. *See* U.S. Const. amend. IV; Minn. Const. art. I, § 10. An unannounced entry is justified by reasonable suspicion and "must point to something that objectively supports the suspicion at issue." *See State v. Amundson*, 712 N.W.2d 560, 565 (Minn. App. 2006) (quotation omitted), *review granted* (Minn. June 28, 2006). Similar support is required for a nighttime search warrant. *Id*. (citing *State v. Lien*, 265 N.W.2d 833, 840 (Minn. 1978)). In general, nighttime searches are prohibited unless the nighttime-warrant application demonstrates "at least a reasonable suspicion that a nighttime search is necessary to preserve evidence or to protect officer or public safety." *Bourke*, 718 N.W.2d at 927; *see also* Minn. Stat. § 626.14 (2014). The standard showing for reasonable suspicion is not high, but requires "something more than an unarticulated hunch," meaning objective support for the suspicion at issue. *Wasson*, 615 N.W.2d at 320. Appellate courts give great deference to the issuing judge's decision to authorize an unannounced, nighttime

search warrant. *Bourke*, 718 N.W.2d at 927; *State v. Martinez*, 579 N.W.2d 144, 146 (Minn. App. 1998), *review denied* (Minn. July 16, 1998).

Because the requirements for a nighttime and unannounced entry are essentially the same, we combine the analysis here. We discern no error in the district court's findings, conclusions, and refusal to suppress evidence based on the unannounced, nighttime warrant. *Compare Amundson*, 712 N.W.2d at 566 (invalidating unannounced, nighttime warrant where there was "no particularized showing of dangerousness" because presence of firearms was illegally obtained and Amundson's recent encounters with police were nonviolent and failed to demonstrate concern for officer safety), *with Wasson*, 615 N.W.2d at 319 (Minn. 2000) (concluding that unannounced, nighttime search was justified where officers had prior knowledge of weapons and drugs on premises).

Here, the warrant application stated that an unannounced, nighttime warrant was necessary "for the safety of the police officers involved in the entry, for other persons present during the entry, and for the citizens living in the surrounding area." Evidence in support of the unannounced, nighttime warrant, other than the incident reports, included the following: (1) information from a concerned citizen regarding the sale and distribution of controlled substances; (2) the affiant reported that he is aware that the residents of the duplex are involved in the sale and distribution of crack or cocaine based on his investigations; (3) the concerned citizen also reported that Morris and appellant "allow known criminal gang members to stay" at the duplex, and the gang members also sell controlled substances out of the duplex; and (4) the affiant reported that he "knows

8

through training and experience that criminal gang members often commit violent crimes including assaults, robberies, and weapons offenses."

Moreover, "[t]he issuing judge's determination must be based on the factual allegations contained in the affidavit in support of the warrant application and the reasonable inferences to be drawn therefrom." *Bourke*, 718 N.W.2d at 928 (quotation omitted). And we give great deference to the issuing judge's authorization of an unannounced, nighttime search warrant. *Id*; *Martinez*, 579 N.W.2d at 146.

Viewing the application as a whole, there are several reasonable inferences providing reasonable suspicion for an unannounced, nighttime search. *Bourke*, 718 N.W.2d at 928-29. Baumann conducted surveillance of the duplex 24 hours prior to obtaining the search warrant, which revealed vehicles arriving and leaving the duplex, which was activity consistent with controlled-substance sales. The flow of activity to and from the duplex suggests a need to avoid confrontation from drug sales. And it is reasonable to infer that this type of activity would cause concern for "officer or public safety." *See id*. at 927-29. More importantly, Baumann listed the duplex's residents' criminal histories related to felony-level controlled-substance convictions and convictions related to violence and weapon's charges. Specifically, Baumann noted appellant's and Morris's felony-level convictions of controlled-substance sales and a conviction of a controlled-substance crime, which arose out of the same investigation and Brown's

criminal history from Illinois,[2] which included convictions of possession of firearms, unlawful use and possession of weapon by a felon, and resisting a peace officer. It is reasonable to infer that the residents' criminal histories would also be a concern for police officer safety. *Id*. at 926-27.

Appellant further argues that the statement regarding gang activity fails to provide reasonable suspicion for an unannounced, nighttime entry because the statement is nothing more than vague boilerplate language. But such language coupled with specific knowledge of weapons and drug sales at a residence objectively supports reasonable suspicion for an unannounced entry. *See Wasson*, 615 N.W.2d at 321 (affirming denial of suppression order where boilerplate language was supported with previous knowledge regarding weapons and drug sales at Wasson's residence and objectively supported reasonable suspicion for an unannounced entry). In this case, as in *Wasson*, the police officers had prior knowledge of the residents' drug sales and felony convictions involving weapons. Therefore, the statement regarding gang activity objectively supports a reasonable suspicion for an unannounced, nighttime entry.

The unannounced, nighttime-warrant application sufficiently meets the standard demonstrating at least a reasonable suspicion necessitating an unannounced, nighttime

---

[2] Appellant argues that Brown's convictions were not specifically listed as a concern for officer safety in the unannounced, nighttime portion of the warrant, but the district court can draw reasonable inferences from the allegations in the warrant. *See Bourke*, 718 N.W.2d at 928 (illustrating that the "issuing judge's determination must be based on the factual allegations contained in the affidavit in support of the warrant application and the reasonable inferences to be drawn therefrom") (quotation omitted).

search for the preservation of evidence[3] and for officer and public safety. *See Bourke*, 718 N.W.2d at 926; *see also State v. Barnes*, 618 N.W.2d 805, 812 (Minn. App. 2000) (justifying unannounced entry based on evidence of drug dealing, gang affiliation, appellant's prior criminal record, and a high level of drug trafficking), *review denied* (Minn. Jan. 16, 2001).

The details in the warrant sufficiently established that police would likely find drugs in appellant's home and that there was reasonable suspicion supporting the unannounced nighttime search to protect officer safety due to risks associated with the search of the duplex. The district court therefore did not err by denying appellant's motion to suppress the evidence that police discovered during the executed unannounced, nighttime warrant.

**Affirmed.**

---

[3]We note that while the affiant stated in the application that the unannounced, nighttime warrant was "necessary to prevent the loss, destruction or removal of the objects of the search and to protect the safety of the peace officers" the primary concern and support for the application was related to officer and citizen safety.